A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Jamal James Carmouche

471370
Inmate (DOC) number

RECEIVED

AUG 2 2 2023

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEPUTY CLERK

(Enter above the full name of
each plaintiff in this action.)

VERSUS

Donald Weatherspoon,
Corey Anderson, Sgt Davis
Dusty Biggam, Dixon Correctional
Instution, State Of Louisiana

(Enter above the full name of
each defendant in this action.)

## Instructions for Filing Complaint by Prisoners
## Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

**IF YOU ARE A PARISH PRISONER**, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

**IF YOU ARE A D.O.C. PRISONER**, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for _each_ defendant no longer employed by the Department of Corrections.

**All copies of the complaint must be identical to the original.**

The names of **all parties** must be listed in the caption and in part III of the complaint **exactly**

<u>the same.</u>

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 350.00.  In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauperis.  For this purpose, a pauper affidavit is included in this packet.  You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts.  **THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS.  ALSO, <u>DO NOT INCLUDE EXHIBITS</u>.**

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I.    Previous Lawsuits

A.    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?    Yes (X) No (☒)

B.    If your answer to A is yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
   Plaintiff(s):  _Jamal  James Carmouche_

   Defendant(s):  _Attorney General Jeff Landry, Michale Harson and Patrick Magee_

2. Court (if federal court, name the district; if state court, name the parish): _United States District Court Western District of Louisiana_

3. Docket number: _Civil Action No: 23-1066 Section "B"(5)_

2.

4. Name of judge to whom case was assigned: _Judge Robert R. Summerhays and Magistrate Judge David J. Ayo_

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): _Still Pending_

6. Date of filing lawsuit: _____

7. Date of disposition: _____

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?     Yes ( )     No ( X )

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

_____

_____

II.    Place of present confinement: _L SP/Angola_

A. Is there a prisoner grievance procedure in this institution?   Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
        Yes (✓) No ( )

C. If your answer is YES:

1. Identify the administrative grievance procedure number (s) in which the claims raised in this complaint were addressed. _I was rep       by a personal Injury lawyer Donna U. Coradner, and she kept all my paperwork and closed my file (see letters from Personal Injury lawyer.)_

2. What steps did you take? _1st Step at Dixon Correctional Instution was accepted then Denied, Second Step was never answered, and it's been over a year. So I filed my 1983 and moved forward._

3. What was the result? _They held it trying to by time. I still havein't heard back from the 2nd Step of my grievance Procedure._

D. If your answer is NO, explain why not: _____

_____

**III.    Parties**

(In Item A below, place your name in the first blank and place your present address in the second blank.  Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s)  _Jamal James Carmouche_

Address  _LSP Angola, LA 70712_

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and  his place of employment in the third blank.  Use Item C for the  names,  positions,  and places  of employment  of  any additional defendants.

B.  Defendant _Warden Dusty Bickam, Donald Weatherspoon_ is employed as _Corey Anderson Sgt, Davis Dixon Correctional Institute_ at _Dixon Correctional Institution_

C.  Additional Defendants: _STATE OF LOUISIANA_

_____

_____

_____

**IV.    Statement of Claim**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved. Include also  the names of other persons involved, dates, and places.  **Do not given any legal arguments or cite any cases  or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate  paragraph. (Use as much space as you need.  Attach extra sheets if necessary.)

_See Attachments:_

_____

_____

_____

_____

_____

_____

4.

**V.     Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or

statutes. Attach no exhibits. _See Attachments ._

**VI.     Plaintiff's Declaration**

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any cost assessed by the Court, which, after payment of the partial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this _____ day of _____, 20___.

_____
Signature of plaintiff(s)

5.

(Attachments) STATEMENT OF CASE

On December 13, 2021 between

12:00 pm/2:00 pm Plaintiff was being escorted from Cell Block C to Cell Block B. Upon arrival, Plaintiff was placed in A-tier shower waiting on a cell to be placed in. At the time Captain Weatherspoon, (Cause he's now a Major), Lt. Corey Anderson and Sgt. Davis, then came to the shower. Captain Weatherspoon entered the shower first and started choking Plaintiff, while Lt. Corey Anderson and Sgt. Davis held Plaintiff against the wall. (See Camera) Plaintiff felt faint and tried to get Captain Weatherspoon off him, but instead of Captain Weatherspoon stopping, he started punching Plaintiff in the face with a close fist several times, cracking Plaintiff's "TMR" jaw. After that, Plaintiff was dragged out the shower, then dragged through Cell Block B and placed in a cell that Captain Weatherspoon wanted Plaintiff in. Plaintiff was placed in a cell with Tony Bessard. Tony Bessard was then let out his restraints first, and while Plaintiff was still in full restraints, Captain Weatherspoon ask Tony Bessard to, "Row Plaintiff out," meaning beat him up while he was still in full restraints, but Tony Bessard refused to do so. Plaintiff asked to see medical for days, but was denied.

Upon seeing medical, Plaintiff learned that his jaw was cracked on the left side, but it was healing on it's own.(See Medical Chart) Also see Camera on December 13, 2021 from Cell Block C to Cell Block B at Dixon Correctional Instution.

# LAW AND ORDER

In the excessive force context, society's expectations are different. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. See Whitley, supra, 475 U.S. at 327, 106 S.Ct., at 1088. This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today.

See Estelle, supra, 429 U.S., at 102, 97 S.Ct., at 290 (Proscribing torture and barbarous Punishment was "the primary concern of the drafters" of the Eighth Amendment).

Wilkerson v. Utah, 99 U.S. 130, 136, 25 L. Ed. 345 (1879) ("[I]t is safe to affirm that Punishments of torture,... and all others in the same line of unnecessary cruelty, are forbidden by [the Eighth Amendment]").

In Plaintiff's situation, he was in full restraints, there was no need for the Punching him in the face till his jaw broke, or punching him at all. The constitutional touchstone is whether punishment is cruel and unusual? To deny, the difference between Punching a prisoner in the face and serving him unappetizing food is to ignore the "concepts of dignity, civilized standards, humanity, and decency" that animate the Eighth Amendment.

Plaintiff was no threat, he was in restraints, so there was no need for the excessive use of force. See Unwin v. Campbell, 863 F.2d 124, 135 (CA1 1988) (opinion of Campbell, C.J.) ("[W]here institutional security is not at stake, the officials' license to use force is more limited to succeed, a plaintiff need not prove malicious and sadistic intent").

In the instant case, Plaintiff begged to see medical for days, but was denied. This is truly the definition of "deliberate indifference." These officers are here to "Protect and Serve." They all (3) three had just address or actually "beat me" in restraints, why not let Plaintiff be seen by medical.? This was a tactic to try and cover up my wounds.

Extreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society," Rhodes, supra, 452 U.S., at 347, 101 S.Ct., at 2399, only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson, supra, 501 U.S., at 298, 111 S.Ct., at 2324 (quoting Rhodes, supra, 452 U.S., at 347, 101 S.Ct., at 2399) (citation omitted.) A similar analysis applies to medical needs. Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious. See Estelle v. Gamble, 429 U.S., at 103-104, 97 S.Ct., at 290-291.

## Also see Plaintiff's Mental Health

Chart. Plaintiff is in a state of mind frame from the incident, to where he does not trust any correctional officers while he is in full-restraints. This has made Plaintiff's sentence very hard.

Plaintiff have had many rule infractions because of this Mental Anguish. In Plaintiff's mind, soon as he gets in full-restraints, the correctional officers will retaliate because of the civil suit against the State Of Louisiana. So as a matter of these circumstances, Plaintiff has missed a lot of medical call-out, medical trips, and has been on homicide-suicide watch for months. The incident has messed Plaintiff's mind frame up, about all correctional officers. It has even came to a point to where, Plaintiff felt that he should kill hisself, befor these courrupt correctional officers do it.

## Relief Requested

Plaintiff is seeking compensatory damages in the amount of One Million Dollars for:

1. Excessive Use Of Force — Beaten In Full-Restraints
2. Pain and Suffering — Broken "TMR" Jaw on left side
3. Deliberate Indifference — Being Denied Medical attention
4. Mental Anguish — In Fear Of Being In Full-Restrain

Page 5

# CONCULSION

These officers are here to "protect and serve", not test on offenders to put the fear of GOD in them. This was Cruel and Unusual. Plaintiff is seeking compensatory damages in the amount of one Million Dollars for: Excessive Force, Pain and Suffering, Deliberate Indifference and Mental Anguish.

Also, in the course of Plaintiff ARP stages, he was transferred in retaliation, and the second step to his ARP Stage, was never answered in over a year, and still has not been answered. So Plaintiff proceeded forward with civil claims. (See letters from Personal Injury Lawyer Donna U. Grodner)

Plaintiff also had legal representation, but Ms. Donna U. Grodner held Plaintiff's claims since the indicent, only to close Plaintiff's file some year and months later. This lawyer never sent Plaintiff back none of his paperwork, keeping his ARP form with claim number, and hendering his litigation. This is why Plaintiff is filing Pro-se. (Plaintiff went to Bar Assosition for Ms. Donna U. Grodner hendering civil claims).

Also, to ignore these facts, Would Surely be a "Fundmental Misscarriage Of Justice".

With Kindest Regards...

Jamal James Carmouche
#471
L. S. P.
Angola, LA   70712

August 12, 2023

Louisiana Bar Association...

My name is Jamal James
Carmouche. I was a inmate housed at
Dixon Correctional Instution. Three officers
beat me in full restrainst and boke my "TMR"
my Jaw on the leftside of my face.
I filed a ARP grievance form, only for
the State not to respond to the 2nd step
at all. The incident happend on Dec 13, 202_
Donna U. Gradner did send me a contract
to Sign, and asked for my ARP Grievance
paper to get the Claim number. One Year
and some months later, she has Closed my
file, and held all my paperwork. This has
hendered my litigation, and Kinda warped
my Excessive Force Claim. I can show
how these people, the State & Donna Gradner
are trying to hender me from filing this
Civil action.(See all letters from personal
Injury Lawyer.) I'm filing with the Bar
Association, because I need y'all to know ho_

Page 1

this woman is handling the misfortune. She making us sign a contract, and holding our claims for over years, only to close our file. I could have been went forward with my filing, but she was holding all my paperwork, and she still never returned it. It's only a matter of time befor I sue her. Because I have a perfect claim, these people broke my jaw in full-restraints. If she couldn't help me, she should've said that 5-6 months into the investion. If I would have did this to these (3 officer(s), the outcome would have been totally different. I want Equal Protection Of the Laws, Article 1 Section of Louisian Constitution. Can I atleast have my paperwork with my claim number to finish my civil matters. What about the grievance procedures that was never looked after. I told him 10 times, these people were not answering the second step to my grievance, but she did nothing to file about it. I did nothing to lose my claims, this lawyer held them this long, I can only flie to inform y'all of her actions.

4 copies Of 1



Donna U. Grodner                                                    dgrodner@grodnerlaw.com

**Serious Personal Injury Attorney**
**DONNA GRODNER**

July 27, 2023
*via mail*

Jamal Carmouche 471370
LSP
Angola, LA 70712

Re:    12.13.21 12-2 pm Cell Block B Cpt Donald Weatherspoon, Lt. Corey
       Anderson and Sgt. Davis beaten in full restraints- denial of medical - same
       as Adrian Thomas A-Tier Cell 6 broken jaw

Dear Mr. Carmouche:

   Thank you for your letter, which we received on July 17, 2023, along with your
disciplinary report dated 4.8.23, to which you pled guilty to kicking a window out of a
security van.

   After careful review of your important legal matter, we have determined we will not
be able to represent you and we are CLOSING your file.

   We appreciate the opportunity you have given us to review your important legal
matter and hope that in the future, you will think of us if you are in need of Counsel as we
handle all types of legal matters, including but not limited to, car wrecks, slip and falls,
house fires, wrongful death, electrocutions, new home warranty acts, civil rights, and
chemical spills.

                                              Sincerely,

                                              Donna U. Grodner



Donna U. Grodner                                              dgrodner@grodnerlaw.com

**Serious Personal Injury Attorney**
# DONNA GRODNER

April 5, 2023
*via mail*

Jamal Carmouche 471370
EHCC
PO Box 174
St. Gabriel, LA 70776

Re:  12.13.21 12-2 pm Cell Block B Cpt Donald Weatherspoon, Lt. Corey
Anderson and Sgt. Davis beaten in full restraints- denial of medical - same
as Adrian Thomas A-Tier Cell 6 broken jaw

Dear Mr. Carmouche:

Thank you for your letter, which we received on March 8, 2023, indicating that you
never reached 2nd step.

We are pulling your file to determine if we will be able to file a suit for you.

Please continue to seek routine medical care for all injuries as any gaps in treatment
may affect your claim.

Sincerely,

Donna U. Grodner

$ 150,000.00
$ 100,000.00
$ 75,000.00
$ 50,000.00
Nuñez V. City Of New York, Excessive Force Claim

**Grodner Law Firm**
2223 Quail Run Drive, Suite B    Baton Rouge, LA 70808   T: 225.769.1919    F: 225.769.1997
**Toll Free: 866.769.1845    W: www.grodnerlaw.com**



Donna U. Grodner                                                    dgrodner@grodnerlaw.com

Serious Personal Injury Attorney
## DONNA GRODNER

July 5, 2023
*via mail*

Jamal Carmouche 471370
LSP
Angola, LA 70712

Re:    12.13.21 12-2 pm Cell Block B Cpt Donald Weatherspoon, Lt. Corey
       Anderson and Sgt. Davis beaten in full restraints- denial of medical - same
       as Adrian Thomas A-Tier Cell 6 broken jaw

Dear Mr. Carmouche:

Thank you for your letter, which we received on June 20, 2023.

We are pulling your file to determine if we will be able to file a suit for you.

Please continue to seek routine medical care for all injuries as any gaps in treatment
may affect your claim.

Sincerely,

Donna U. Grodner

*Sertan*
*'ertain*

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_____ MIDDLE DISTRICT OF LOUISIANA

SUMMONS   IN   A   CIVIL

CASE

V.                                    **Case Number**:

TO:

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (Name and Address)

an   answer   to   the   complaint   which   is   herewith   served   upon   you,   within days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of Court within a reasonable period of time after service.

5.

CLERK                                      DATE

_____

(BY) DEPUTY CLERK

6.

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | Date |
| NAME OF SERVER (*Print*) | Title |

*Check one box below to indicate appropriate method of service*

☐ Serve personally upon defendant. Place where served:

☐ Left copies thereof at the defendants's dwelling house or usual place of abode with a person of suitable age and descression then residing therein.

　　Name of person with whom the summons and complaint wer left:

☐ Returned unexecuted:

☐ Other *(Specify)*:

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

　　I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service ans Statement of Service Fees is true and correct.

Executed on _____　　_____
　　　　　　　　　　*Date*　　　　　　　　　　　　　　　*Signature of Server*


　　*Address of*　　　　　　　　　　　　　_____


(1) As who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

7.

Jamal J. Carmouche #471370
Louisiana State Penitentiary
17544 Tunica Trace
Angola, LA 70712



SCREENED BY U.S. MARSHAL

Legal
Mail!!

Clerk Of the United States District Court
For the Middle District Of Louisiana
777 Florida Street, Suite 139
Baton Rouge, LA 70801