**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JAMAL JAMES CARMOUCHE (#471370)**

**VERSUS**

**DONALD WEATHERSPOON, ET AL.**

**CIVIL ACTION**

**NO. 23-793-BAJ-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 7, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JAMAL JAMES CARMOUCHE (#471370)**

**VERSUS**

**DONALD WEATHERSPOON, ET AL.**

**CIVIL ACTION**

**NO. 23-793-BAJ-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss (R. Doc. 12). The Motion is not opposed.

The *pro se* Plaintiff, an inmate now incarcerated at Louisiana State Penitentiary ("LSP"), filed this proceeding pursuant to 42 U.S.C. § 1983 against Donald Weatherspoon, Corey Anderson, Sgt. Davis, Dusty Biggam, Dixon Correctional Institute, and the State of Louisiana, complaining that his constitutional rights were violated due to the use of excessive force and deliberate indifference to his serious medical needs[1]. He seeks monetary relief.

Defendants assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To

---

[1] Defendant Sgt. Davis has not been served. *See* R. Doc. 8. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal if requested, he may not remain silent and do nothing to request or effectuate such service. No further action has been taken by the plaintiff to identify this defendant. Accordingly, defendant Sgt. Davis should be dismissed for failure to serve this defendant as required by Rule 4(m).

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

**Plaintiff's Allegations**

In his Complaint, Plaintiff alleges the following: On December 13, 2021, the plaintiff was placed in a shower cell. Defendants Weatherspoon, Anderson, and Davis arrived at the shower cell. Defendant Weatherspoon then entered the cell and began choking the plaintiff while defendants Anderson and Davis held the plaintiff against the wall. Plaintiff began to feel faint

and attempted to get defendant Weatherspoon to stop choking him. Defendant Weatherspoon then began to punch with plaintiff in the face several times. The plaintiff was then dragged into another cell and housed with inmate Tony Bessard. Bessard was let out of his restraints and defendant Weatherspoon asked Bessard to beat the plaintiff who was still in full restraints. Bessard refused.

Plaintiff requested to be seen by medical for days but was denied. When he was finally seen by medical, he learned that his jaw was cracked on the left side but was healing on its own.

## Qualified Immunity

In response to the plaintiff's allegations, Defendants assert that they are entitled to qualified immunity in connection with some of the Plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that Defendant's motion should be granted, in part. Plaintiff's allegations, accepted as true, fail to state a claim for

deliberate indifference to his serious medical needs against any named defendant and fails to state any claim against defendants Dixon Correctional Institute and State of Louisiana

## Juridical Person

Section 1983 only imposes liability on a "person" who violates another's constitutional rights under color of law. In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether a person or entity can be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as an "entity to which the law attributes personality, such as a corporation or partnership." *See* La. Civ. Code Ann. art. 24.

Defendants State of Louisiana and Dixon Correctional Institute are not a "person" within the meaning of the statute. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) (a state is not a "person" within the meaning of § 1983); *See also Castillo v. Blanco*, 2007 WL 2264285 (E.D. La., Aug. 1, 2007) (holding that Elayn Hunt Correctional Center and Dixon Correctional Institute are not persons within the meaning of § 1983); and *Glenn v. Louisiana*, 2009 WL 382680 (E.D. La., Feb. 11, 2009) ("[a] jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983."). As such, the plaintiff cannot state a plausible claim against these defendants herein.

## Deliberate Indifference

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could

be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

In the instant matter, the plaintiff alleges that he was denied medical care for an unspecified number of days. When he was seen by medical, it was discovered that his jaw was "cracked" but was healing on its own.

The plaintiff has not alleged deliberate indifference on the part of any of the moving defendants since the plaintiff has not alleged that any of these defendants were personally involved in his medical care or the delay in receipt of the same. In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). The plaintiff has not alleged any personal involvement in his medical care on the part of any named defendant. As such, the defendants' Motion should be granted in his regard.

**Personal Involvement**

In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

In the instant matter, the plaintiff has not alleged that defendant Bickham (named as "Biggam") was personally and directly involved in either the excessive use of force or the plaintiff's medical care. Nor has the plaintiff alleged that either violation occurred due to the implementation of one of defendant Bickham's wrongful policies. In fact, the plaintiff's Complaint is devoid of any allegations against defendant Bickham. As such, the plaintiff has failed to state a claim against defendant Bickham.

**Supplemental Jurisdiction**

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that most of the Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

**RECOMMENDATION**

It is the recommendation of the Magistrate Judge that Defendants' Motion to Dismiss (R. Doc. 32) be granted dismissing the plaintiff's claims: (1) for deliberate indifference to his serious medical needs, (2) against State of Louisiana, Dixon Correctional Institute, and Dusty Bickham[2], with prejudice. It is further recommended that the plaintiff's claims against defendant Sgt. Davis be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). It is further recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims. It is further recommended that this matter be referred back to the Magistrate Judge for further proceedings herein regarding the plaintiffs claim for excessive use of force asserted against defendants Weatherspoon and Anderson.

Signed in Baton Rouge, Louisiana, on August 7, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Named as "Dusty Biggam."